**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARCTIC CAT INC.                         ) | |
|                                ) | |
|            Plaintiff,             ) | |
|                                ) | |
|         v.                       ) | Case No. |
|                                ) | |
| SCHOLL'S 4 SEASONS MOTOR      ) | |
| SPORTS, INC.,                      ) | |
|                                ) | |
|            Defendant.         ) | |

## COMPLAINT

Arctic Cat Inc., by its undersigned counsel, hereby states and alleges as follows for its Complaint against Scholl's 4 Seasons Motor Sports, Inc.:

## PARTIES

1.      Plaintiff Arctic Cat Inc. ("Arctic Cat") is a Minnesota corporation with its principal place of business in Plymouth, Minnesota.

2.      Defendant Scholl's 4 Seasons Motor Sports, Inc. ("Scholl's") is an Illinois corporation with its principal place of business in Elgin, Illinois.

## JURISDICTION AND VENUE

3.      This is an action for trademark infringement and false designation of origin under the federal Lanham Act, 15 U.S.C. § 1051 *et seq.*, for trademark infringement and unfair competition under the common law, and for deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act.

4.      Personal jurisdiction over the defendant is proper and venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because (a) Scholl's is domiciled and located

within this district; (2) Scholl's is doing business in Illinois and within this district; and (c) Scholl's has engaged in trademark infringement, unfair competition, and deceptive trade practices in this district and has further caused Arctic Cat harm in this district.

5.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b).  This Court has supplemental jurisdiction over Arctic Cat's state-law claims under 28 U.S.C. § 1367(a).

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

6.      Arctic Cat is a manufacturer of snowmobiles, all-terrain vehicles ("ATVs"), and related products and accessories.  Scholl's is a former authorized dealer of Arctic Cat products including snowmobiles and ATVs.  Scholl's was terminated as a dealer in August 2009.

7.      Arctic Cat owns the following U.S. Trademark Registrations relating to the trademarks and tradenames, "ARCTIC CAT":

   a.      Trademark Registration No. 2293113, issued November 16, 1999 for the mark ARCTIC CAT and Design, for use in connection with: "engine oil and general purpose lubricating oil"; "four or six-wheel all-terrain vehicles; motorized vehicles, namely, snowmobiles and structural parts thereof; single, double or triple rider recreational jet boat, not including catamarans or catboats"; and "clothing, namely, jackets, pants, caps, hat, T-shirts, sweatshirts, gloves, sweatpants; insulated outer wear, namely, one-piece snowmobile suits, jackets and pants; boating clothing, namely, shirts, pants, tank tops, crop tops, wet suits, dry suits, boating shoes and boots, swim trunks."

   b.      Trademark Registration No. 2178018, issued August 4, 1998 for the mark ARCTIC CAT, for use in connection with:  "snowmobiles and parts thereof; four or six wheel all-terrain vehicle."

   c.      Trademark Registration No. 1647837, issued June 18, 1991 for the mark ARCTIC CAT, for use in connection with:  "engine oil and general purpose lubricating oil"; "saddle bags"; "snowmobile covers"; "clothing, namely jackets, pants, sweatsuits, T-shirts, jerseys, caps, sweaters, gloves, scarves, suspenders, boots and socks"; and "snowmobile helmets, face shields and goggles."

      d.     Trademark Registration No. 0865633, issued March 4, 1969 for the mark ARCTIC CAT, for use in connection with: "snowmobiles, parts thereof, and sleds for use therewith."

8.     The above Trademark Registrations remain in full force and effect.

9.     Arctic Cat has developed, has used, and continues to use, the ARCTIC CAT marks long prior to Scholl's acts complained of in this Complaint, to designate the source of its products. Arctic Cat's use of the ARCTIC CAT marks has been substantial and continuous for many years. Arctic Cat's use of the ARCTIC CAT marks includes the products identified in its registrations.

10.    As a result of substantial sales and advertising by Arctic Cat of its products, the ARCTIC CAT marks have become favorably known to the public and the trade, and identify and distinguish the source of origin of Arctic Cat's products. Arctic Cat's registered trademarks and the substantial goodwill attained represent a valuable and irreplaceable asset of Arctic Cat. As a result, Arctic Cat's products have earned commercial success, recognition, and acceptance in the marketplace.

11.    Arctic Cat Sales Inc., a wholly owned subsidiary of Arctic Cat, and Scholl's entered into Dealer Agreements under which Scholl's acted as an authorized Arctic Cat dealer. During Arctic Cat's and Scholl's relationship under the Dealer Agreements, Scholl's was provided with various signs and advertising displays bearing Arctic Cat's ARCTIC CAT trademarks for Scholl's use solely as an authorized Arctic Cat dealer.

12.    In August 2009, Arctic Cat Sales Inc. terminated the Dealer Agreement with Scholl's because Scholl's failed to pay Arctic Cat for products that Scholl's ordered and that had been delivered to Scholl's.

13.    Upon termination of the Dealer Agreement, Scholl's was required under the Dealer Agreement to remove all signs and advertising displays bearing Arctic Cat's ARCTIC

CAT trademarks and tradenames from its business establishment and not use such trademarks or tradenames in connection with any business it conducted.

14.     At the time Arctic Cat lawfully terminated the Dealer Agreement, Scholl's still possessed and maintained various signs and advertising displays bearing Arctic Cat's ARCTIC CAT trademarks.  Despite being terminated as an Arctic Cat dealer, Scholl's has not removed all signs and advertising displays bearing Arctic Cat's ARCTIC CAT trademarks and tradenames.

15.     Since Arctic Cat terminated the Dealer Agreement, Scholl's has continued to promote and advertise Arctic Cat's products through its use and display of the signs and advertising bearing Arctic Cat's ARCTIC CAT trademarks.  Since Arctic Cat terminated the Dealer Agreement, Scholl's has used Arctic Cat's ARCTIC CAT trademarks without the sponsorship, consent, authorization, approval or certification of Arctic Cat to use the ARCTIC CAT trademarks.

16.     Scholl's use of Arctic Cat's ARCTIC CAT trademarks is in connection with the products that are subject to the registrations for the ARCTIC CAT marks, and Scholl's use of the ARCTIC CAT marks is thus within the scope of the registrations for the ARCTIC CAT marks.

17.     Scholl's use of the ARCTIC CAT trademarks is likely to cause confusion, mistake and/or deception under 15 U.S.C. § 1114(1), including but not limited to confusion, mistake and/or deception regarding the source, origin or sponsorship of Arctic Cat's products and affiliation with Arctic Cat.  Such confusion, mistake and/or deception further includes but is not limited to the mistaken belief that Scholl's is an authorized Arctic Cat dealer, and that Scholl's is authorized to sell Arctic Cat products bearing ARCTIC CAT trademarks.

18.     By using ARCTIC CAT trademarks, Scholl's is trading on Arctic Cat's goodwill and good reputation in furtherance of Scholl's business.

19.     Scholl's infringement, unfair competition and deceptive trade practices have created confusion, mistake and/or deception in the minds of Arctic Cat's customers and potential customers, resulting in Scholl's trading on Arctic Cat's goodwill and the creation of a false impression of a connection, affiliation, association, sponsorship, or approval of or between Arctic Cat and Scholl's, all causing irreparable injury to Arctic Cat.

20.     Scholl's has willfully infringed and sought to appropriate the ARCTIC CAT trademarks.

21.     By reason of the aforesaid willful acts of infringement by Scholl's, Arctic Cat has been irreparably damaged.  Unless Scholl's is enjoined, the above-described acts of Scholl's will continue and will impair the value of Arctic Cat's trademarks and the good will associated therewith.  Arctic Cat therefore has no adequate remedy at law.

22.     Scholl's has been unjustly enriched by its infringing and unfair activities and Arctic Cat is entitled to an accounting for all Scholl's profits derived from infringing sales.

## COUNT II – COMMON LAW TRADEMARK INFRINGEMENT

23.     Arctic Cat repeats the allegations above as if fully set forth herein.

24.     Arctic Cat used the ARCTIC CAT trademarks in connection with its products long before Scholl's first use of the ARCTIC CAT trademarks.

25.     Scholl's unauthorized use of the ARCTIC CAT trademarks in connection with its services constitutes an infringement of Arctic Cat's rights in the ARCTIC CAT trademarks under the common law.

## COUNT III – FALSE DESIGNATION OF ORIGIN

26.     Arctic Cat repeats all the allegations above as if fully set forth herein.

27.     Scholl's has used a false designation of origin, a false or misleading description

of fact, and/or a false representation in connection with its advertisement, offer, and sale of Arctic Cat products and products with the ARCTIC CAT trademark. Scholl's does not have authorization to use the ARCTIC CAT trademarks. Scholl's has falsely designated, described and/or represented that it has authorization to sell Arctic Cat products and use the ARCTIC CAT trademarks. Scholl's has falsely designated and represented a connection, affiliation, association, sponsorship, or approval of or between Arctic Cat and Scholl's in connection with Scholl's advertisement, offer, and sale of Arctic Cat products and products with the ARCTIC CAT trademarks.

28.     Scholl's has caused these goods associated with the false designation and false representation to enter interstate commerce.

29.     Scholl's unauthorized use of the ARCTIC CAT trademarks is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association between Scholl's and Arctic Cat, in violation of 15 U.S.C. § 1125.

30.     Scholl's has caused, and unless enjoined by this Court, will continue to cause, irreparable harm, damage and injury to Arctic Cat.

## COUNT IV – DECEPTIVE TRADE PRACTICES IN VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

31.     Arctic Cat repeats all the allegations above as if fully set forth herein.

32.     In the course of Scholl's business, vocation, or occupation, Scholl's has advertised, offered, and sold Arctic Cat products it was not authorized to advertise, offer, or sell. Scholl's has used the ARCTIC CAT trademarks without permission or authorization. Scholl's has falsely held itself out to the public as an authorized Arctic Cat dealer even after the termination of Scholl's dealer status.

33.     Scholl's falsely represents that its sale of goods or services have sponsorship or

approval of Arctic Cat. Scholl's conduct further causes a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation, or connection of Scholl's products and services, inasmuch as it gives rise to the incorrect belief that Scholl's is authorized to use the ARCTIC CAT trademark, that Scholl's is an authorized Arctic Cat dealer, or that Scholl's sale of goods has some connection to Arctic Cat. Scholl's otherwise engages in conduct, including the holding itself out as an Arctic Cat dealer, that causes a likelihood of confusion or misunderstanding. Accordingly, Scholl's conduct is in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

## COUNT V – COMMON LAW UNFAIR COMPETITION

34.     Arctic Cat repeats all the allegations above as if fully set forth herein.

35.     Scholl's has used the ARCTIC CAT trademarks to confuse actual and potential customers of Arctic Cat as to the source of Scholl's products.

36.     Scholl's has advertised, offered, and sold Arctic Cat products it was not authorized to advertise, offer, or sell. Scholl's has misappropriated and misused the ARCTIC CAT trademarks. Scholl's has falsely held itself out to the public as an authorized Arctic Cat dealer even after the termination of Scholl's dealer status.

37.     Scholl's deceptive business practices, infringement, and unfair competition are likely to cause confusion, to cause mistake, and to deceive.

38.     Scholl's has unfairly competed with Arctic Cat under the common law of Illinois by the acts complained of, and has caused and, unless enjoined by this Court, will continue to cause irreparable harm, damage and injury to Arctic Cat, which has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Arctic Cat Inc., requests that this Court:

A.      Enter Judgment in Arctic Cat's favor and against Scholl's;

B.      Enter an award of damages on Counts I-V of Arctic Cat's Counterclaims against Scholl's in an amount yet to be determined, plus interest, as well as Arctic Cat's expenses, attorneys' fees, costs, and disbursements incurred in connection with this matter;

C.      Permanently enjoin and restrain Scholl's, its officers, agents, servants, employees, directors, representatives, successors, assigns, related companies, those in privity with Scholl's or in active concert or participation with Scholl's (1) from using the ARCTIC CAT trademarks or any confusingly similar phrases, trademarks or trade names in connection with the advertising, promotion, and marketing of its services; (2) from representing by words or conduct that Scholl's or its services are authorized, sponsored, endorsed, or otherwise connected with Arctic Cat; and (3) any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of Arctic Cat's products;

D.      Award an accounting for, and enter judgment against Scholl's for all profits received from the sale of its products or services in connection with the ARCTIC CAT trademarks in the United States;

E.      Award to Arctic Cat its damages suffered as a result of Scholl's misconduct in such sum as the Court shall find to be just as a result of the Scholl's acts complained of herein;

F.      Award Arctic Cat punitive or exemplary damages for Scholl's willful and deliberate disregard of Arctic Cat's rights and to deter such misconduct by Scholl's in the future;

G.      Award to Arctic Cat an increase in the award of damages up to three times the amount found for deliberate and willful trademark infringement and false designation of origin by Scholl's pursuant to 15 U.S.C. §1117(a);

8

H.    Require Scholl's to pay the costs of this action together with Arctic Cat's attorneys' fees and disbursements incurred herein;

I.    Award to Arctic Cat pre-judgment and post-judgment interest;

J.    Require Scholl's pursuant to 15 U.S.C. §1118 to destroy or return to Arctic Cat all materials, both in print and in electronic format, bearing the ARCTIC CAT trademarks; and

K.    Award to Arctic Cat such other and further relief as this Court deems just and equitable.

Dated:  June 30, 2010                    By:     /s/ James E. Michel
                                                 James E. Michel
                                                 BARNES & THORNBURG LLP
                                                 One N. Wacker Dr., Suite 4400
                                                 Chicago, Illinois 60606
                                                 Telephone:     (312) 357-1313
                                                 Facsimile:     (312) 759-5646


                                                 **Attorneys for Arctic Cat Inc.**